UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS, INC., a Florida corporation,

    Plaintiff,

v.                                              CASE NO. 8:04-CV-2101-T-17MAP

PORTA STOR, INC., a Florida
corporation and CHRISTOPHER E.
NEUGUTH, individually,

    Defendants.
_____/

## DECLARATION OF LEE A. SWANGER, Ph.D., P.E.

I, Lee A. Swanger, Ph.D., P.E., hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

I am the Director of the Miami, Florida office of Exponent Failure Analysis Associates, Inc. ("Exponent"), an engineering and scientific services consulting organization. I submit this declaration in support of PODS' Opposition to Defendants' Renewed Motion to Lift the Preliminary Injunction. I previously submitted declarations in support of (a) PODS' Motion for Temporary Restraining Order and for Preliminary Injunction, and (b) PODS' Motion for an Order to Show Cause why defendants Porta Stor, Inc. ("Porta Stor") and Christopher E. Neuguth should not be held in contempt.

### I.    QUALIFICATIONS

1.    I specialize in mechanical engineering and machine design and analysis, as related to the structure and functions of industrial and commercial machinery.

2.    In addition to being the Director of the Miami, Florida office of Exponent Failure Analysis Associates, Inc., I am an adjunct professor of Mechanical and Metallurgical Engineering at the University of Miami.

- 1 -

3. I have a B.S. in Metallurgy (*Highest Honors*) from Case Institute of Technology, an M.S. in Materials Science and Engineering from Stanford University, and a Ph.D. (*with distinction*) in Materials Science and Engineering, also from Stanford University.

4. I am a registered professional engineer in the states of Florida, Virginia, California, and Ohio. An accurate copy of my C.V. is attached hereto as Ex. 1 for additional information concerning my credentials.

5. I have been an expert for both plaintiffs and defendants in over a dozen patent infringement actions in numerous federal courts, spanning more than fifteen years. In connection with my retainment as an expert in these matters, I have gained substantial on-the-job experience working with patent litigators on patent infringement issues, including, *inter alia*, whether patent claims are infringed literally or under the doctrine of equivalents, and whether there is a basis for estoppel.

## II. INFRINGEMENT OF CLAIM 1

6. As set forth in my previous declaration in support of PODS' Motion for Temporary Restraining Order and for Preliminary Injunction, Exponent was originally retained to opine as to whether claims 1 and 29 of U.S. Patent No. 6,071,062 ("the '062 patent") are infringed by the Porta Stor device.

7. Since I submitted my original declaration, I have reconsidered my position as to the following claim limitation in claim 1: "wherein the carrier frame is capable of being elevated to be moved over the container and is capable of being lowered around the container for attaching the carrier frame to the container for subsequent lifting, handling and transporting of

the container." I originally opined that this limitation was not met literally, but rather, under the doctrine of equivalents. I have reconsidered my position, and now believe it to be met literally.

8. The Porta Stor device frame is elevated and moved "over" the container, as shown in Ex. 2 hereto. Notably, the bottom frame elements need not be elevated above the top of the container for the frame to be considered "over" the container. In support of this construction, one can envision a paper cup, with a portion cut out from the top (to represent the Porta Stor frame and its open end). If one inverts this cup and places it "over" a small white-out bottle, no one would argue that the cup is not "over" the white-out bottle.

### III. **INFRINGEMENT OF CLAIM 29**

9. As set forth in my previous declaration in support of PODS' Motion for Temporary Restraining Order and for Preliminary Injunction, Exponent was originally retained to opine as to whether claims 1 and 29 of U.S. Patent No. 6,071,062 ("the '062 patent") are infringed by the Porta Stor device. I make the following points in rebuttal to the arguments made for the first time with respect to claim 29 in defendants' expert report.

10. An element by element breakdown of the <u>representative</u> disputed claim elements of claim 29 is provided.

**Claim 29**: A method of lifting, handling and transporting a container on to an off from a transport vehicle having a cargo platform, the method comprising the steps of:

*<u>positioning a carrier frame around the container on the transport vehicle platform</u>*; - Defendants argue that the Porta Stor device, having an open U-shaped carrier frame, is not "positioned around" the container. Their argument is premised on their definition of the word "around" to mean "on <u>all</u> sides." Defendants are wrong. First, under defendants' narrow

construction, even the carrier frame in the '062 patent would not be "positioned around" the container, as it is open at the top end. (Ex. 3). Second, the broad ordinary meaning of the word "around" includes "on all or various sides." (*See* Webster's Ninth New Collegiate Dictionary, 1989, Ex. 4) (emphasis added). I have been advised by attorneys for PODS that under Federal Circuit precedent, it is this broad ordinary meaning of the word that controls, unless the word has been expressly redefined in the specification. *See Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 345 F.3d 1318, 1326 (Fed. Cir. 2003) ("[W]e begin with the broad meaning of the term, and look to the intrinsic record to determine whether anything in the record overcomes the presumption that 'flexing' has this broad ordinary meaning.") (emphasis added); *Brookhill-Wilk 1, LLC v. Intuitive Surgical, Inc.*, 326 F.3d 1215, 1222 (Fed. Cir. 2003) ("If more than one dictionary definition is consistent with the use of the words in the intrinsic record, the claim terms may be construed to encompass all consistent meanings."); *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed. Cir. 2001) ("[U]nless compelled to do otherwise, a court will give a claim term the full range of its ordinary meaning as understood by an artisan of ordinary skill."); *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366-67 (Fed. Cir. 2002) (noting presumption that a claim term covers the "full scope" of its ordinary meaning); *Specialty Composites v. Cabot Corp.*, 845 F.2d 981, 987-88 (Fed. Cir. 1988) (giving the term "plasticizer" the full range of its ordinary meaning). Here, the specification does not redefine the term "around" to only mean on "all sides," as opposed to "on all or various sides." In fact, the specification itself uses the word "around" to mean on some sides, as the carrier frame in the '062 patent is open at the top end. (Ex. 3). Accordingly, the word "around" has its broad ordinary meaning of "on all or various sides," and the Porta Stor frame is "positioned around" the container . . . . as observed in the videos showing the Porta Stor device in operation (Ex. B to

the Declaration of Howard Bennett, dated August 24, 2004; Ex. B to the Declaration of Howard Bennett, dated November 5, 2004) and as shown in Ex. 2 hereto.

***elevating the carrier frame with hydraulic means and container above the transport vehicle platform*** - Defendants argue that the Porta Stor device "inherently does not require the carrier frame to be located above the transport vehicle cargo carrying platform in order to place the container on the platform." This is demonstrably false. As shown in the videos showing the Porta Stor device in operation (Ex. B to the Declaration of Howard Bennett, dated August 24, 2004), the carrier frame of the Porta Stor device, along with the container, is clearly elevated above the transport vehicle platform.

***expanding the carrier frame with hydraulic means to clear the sides of the transport vehicle platform*** - Defendants argue that its "frame does not provide sufficient torsional rigidity of the side frames to expand the carrier frame width while the front and rear legs are in a ground engaging position as required by the prior step." (Emphasis added). I have been advised by attorneys for PODS that defendants' argument is legally erroneous. Specifically, the prior step does not require this limitation. The prior step—extending rear and front upright members—requires only that the rear and front upright members be extended. As there is no specific requirement in the claim of an order in which the steps of the claim must be performed, the order in which the steps are performed is immaterial, as long as they are all performed. *Interactive Gift Express, Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1342-43 (Fed. Cir. 2001) (stating that "unless the steps of a method actually recite an order, the steps are not ordinarily construed to require one," and accordingly reversing a finding by the lower court that the claimed method was limited to a particular order). Here, defendants do not dispute that their device extends the rear and front upright members, nor could they, as shown in the video. (Ex. B to the Declaration of

Howard Bennett, dated November 5, 2004). They only argue that the steps are performed in a different order. But under Federal Circuit precedent, this is immaterial for infringement purposes.

***elevating the carrier frame to an elevation higher than that of the transport vehicle platform*** - As set forth above, defendants' argument that their carrier frame is not elevated to an elevation higher than that of the transport vehicle platform is demonstrably wrong. (*See* Video, Ex. B to the Declaration of Howard Bennett, dated August 24, 2004).

***moving and positioning the carrier frame over the transport vehicle platform*** - Defendants argue that their device does not "move or position the frame over the platform, implying an elevation greater than the transport vehicle platform." As set forth above, defendants' argument is demonstrably wrong. (Ex. B to the Declaration of Howard Bennett, dated August 24, 2004).

***lowering the carrier frame to rest upon the transport vehicle platform*** - Defendants argue that "the majority of the frame cannot be lowered to rest upon the vehicle platform." Defendants are wrong. First, by this very argument, defendants concede that at least some portion of the frame rests upon the vehicle platform. But there is no basis for reading in this unstated limitation into the claim. Second, even under defendants' faulty construction, they are wrong, as the outriggers in the Porta Stor device form part of the "transport vehicle platform" onto which the frame rests.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 1, 2005                                         /s/ Lee A. Swanger
                                                            Lee A. Swanger