UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS, INC.,

    Plaintiff,

v.                                  CASE NO. 8:04-CV-2101-T-MAP

PORTA STOR INC., and
CHRISTOPHER E. NEUGUTH,
individually

    Defendants.
_____/

## ORDER

On November 10, 2004, after considering my report and recommendation, the district judge preliminarily enjoined the Defendants from engaging in activities that infringed PODS's '062 patent pending a trial on the merits (doc. 29). Now, after six months, the Defendants move to dissolve the injunction for two reasons: the district judge improperly relied on the opinions of PODS's purportedly unqualified engineering expert; the 062's prosecution history does not support the district judge's application of the doctrine of equivalents as to elements two or eight of claim one of the '062 patent. As PODS argues (doc 67), neither reason warrants dissolving the preliminary injunction.[1]

*A. Discussion*

Admittedly, a district court has continuing jurisdiction over a preliminary injunction and can, based on equity, dissolve or modify that order in light of subsequent changes in the facts or law or for any other good cause. *See Canal Authority of Florida v. Callaway,* 489 F.2d 567, 578 (5th Cir.

---

[1] The parties consented to my jurisdiction after the district judge issued the preliminary injunction. *See* doc. 52; 28 U.S.C. § 636((c).

1974); WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2961. Concomitant with this notion is an elementary principle that promotes fairness and judicial economy: a litigant should not expect, and conversely has a right not to expect, a court to cover the same ground twice unless there is a particularly good reason for doing so. *See generally* MOORE'S FEDERAL PRACTICE – CIVIL § 134.21.

The Defendants do not offer any new material facts or cite to any change in the law warranting a different decision than before. With due diligence they could have presented all this "new" information at the Rule 65 hearing, or before I issued the report and recommendation, or before the time expired for objecting to the report, and before the district judge issued the preliminary injunction. Besides, to a significant degree, the Defendants essentially repeat what they have said already. All this is reason enough to deny the motion. But, irrespective their arguments and specific complaints about what the file wrapper and prosecution history imply as to claim one, the Defendants do not even address in their papers, as PODS points out, infringement on claim twenty-nine. PODS correctly emphasizes it need only prove the accused device reads on all the elements of *one* of the patent's claims. *See Amazon.com, Inc. v. Barnesand noble.com, Inc,* 239 F.3d 1343, 1351 (Fed. Cir. 2001). And, I reported it would likely prove infringement because the accused device reads on claims one *and* twenty-nine of the '062 patent. *See* doc. 24, pp. 4-8. Hence, the Defendants' factual and legal arguments have little relevance. Lastly, the Defendants give no equitable reasons justifying my dissolving the injunction.

*B. Conclusion*

For these reasons and those stated in its Report and Recommendation, it is

ORDERED:

1. The Defendants' Re-Motion for Lifting of Preliminary Injunction (doc. 59) is DENIED.

DONE AND ORDERED at Tampa, Florida on June 13, 2005.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of record