FILED

NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

2006 MAY -2 PM 1:51

# United States Court of Appeals for the Federal Circuit

05-1471,-1529

PODS, INC.,

Plaintiff-Appellee,

v.

PORTA STOR, INC., and CHRISTOPHER E. NEUGUTH,

Defendants-Appellants.

---

DECIDED: April 6, 2006

---

Before MAYER, LOURIE, and BRYSON, Circuit Judges.

PER CURIAM.

Defendants Porta Stor, Inc., and Christopher E. Neuguth (collectively "Porta Stor") appeal from two orders of the United States District Court for the Middle District of Florida. In the first, the court denied Porta Stor's motion to compel discovery. In the second, the court denied Porta Stor's motion to dissolve a preliminary injunction. Because Porta Stor's discovery appeal is interlocutory and not properly before us, we dismiss appeal No. 05-1529 for lack of jurisdiction. Because we conclude that the district court did not abuse its discretion when it denied Porta Stor's motion to dissolve the preliminary injunction, we affirm in appeal No. 05-1471.

## BACKGROUND

PODS, Inc., is the assignee of U.S. Patent No. 6,071,062 ("the '062 patent"), which is directed to an apparatus and method for lifting, handling, and transporting portable storage containers. In September 2004, PODS brought suit against Porta Stor, alleging infringement of the '062 patent. At that time, PODS filed a motion for a preliminary injunction. Following a hearing, the magistrate judge who was assigned to the case recommended that a preliminary injunction be granted, based on a finding that PODS was likely to prevail on its claim of infringement of independent claims 1 and 29. On November 10, 2004, the district court adopted the magistrate judge's report and recommendation and issued a preliminary injunction against Porta Stor.

On December 3, 2004, Porta Stor filed a "motion for lifting," i.e., dissolving, the preliminary injunction. When the parties subsequently agreed to engage in arbitration proceedings, that motion was denied without prejudice. On May 11, 2005, after the arbitration proceedings had ended, Porta Stor moved again to dissolve the preliminary injunction, arguing that the court had improperly relied on the opinion of PODS's engineering expert and that the prosecution history of the '062 patent did not support application of the doctrine of equivalents as to two of the limitations of claim 1. The magistrate judge denied the motion. With respect to the new information that Porta Stor offered in its motion, the magistrate judge explained that with due diligence Porta Stor could have presented that information prior to the issuance of the preliminary injunction. Moreover, the magistrate judge observed that Porta Stor's arguments in its motion to dissolve the injunction failed to address claim 29. Because the original report and recommendation was based on a finding that PODS would likely prove

infringement of claims 1 and 29, the magistrate judge concluded that Porta Stor's "factual and legal arguments have little relevance." Porta Stor appeals that decision.

On June 22, 2005, Porta Stor filed a motion to compel discovery, seeking "a month by month list of the number of PODS employees, starting with September 2003," as well as "a copy of all of the Employer's Quarterly Federal Tax Return, Form 941 for each quarter . . . for a period of the last 5 years." Finding that "the requested discovery is not relevant to a claim or defense of any party," the magistrate judge denied Porta Stor's motion. Porta Stor appeals that decision as well. The two appeals have been consolidated.

## DISCUSSION

1. At the outset, we note that "as a general proposition most orders granting or denying discovery are not final orders within the meaning of section 1291 and therefore are not immediately appealable." Rouse Constr. Int'l, Inc. v. Rouse Constr. Corp., 680 F.2d 743, 745 (11th Cir. 1982).[1] Here, final judgment has not been rendered and the magistrate judge's denial of Porta Stor's motion to compel discovery is therefore interlocutory. We thus conclude that Porta Stor's appeal of the denial of its motion to compel discovery is not properly before us. Consequently, we dismiss appeal No. 05-1529 for lack of jurisdiction.

2. Porta Stor has failed to show that the magistrate judge was wrong in holding that the new information submitted in connection with Porta Stor's motion to dissolve

---

[1] Because the issues relating to the discovery appeal do not have special application in patent cases, we apply the law of the regional circuit to those issues, which in this case is the Eleventh Circuit. See Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 1575 (Fed. Cir. 1984).

the preliminary injunction could have been presented at the original hearing on the injunction. For that reason, the magistrate judge properly denied the motion to dissolve the injunction.[2] In addition, as the magistrate judge pointed out, the district court entered the preliminary injunction on the basis of the magistrate judge's conclusion that PODS had demonstrated a reasonable likelihood of success in showing that Porta Stor's device infringed claims 1 and 29 of the '062 patent. Because Porta Stor's motion to dissolve the preliminary injunction was expressly limited to claim 1, and because we have held that in cases involving multiple patent claims a patentee seeking a preliminary injunction need only demonstrate that it will likely prove infringement of one of those claims, Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1351 (Fed. Cir. 2001), the magistrate judge was correct in holding that Porta Stor's motion did not present sufficient grounds for dissolving the preliminary injunction. We therefore affirm in appeal No. 05-1471.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By_____ Date: 4/27/06

---

[2] PODS argues that this court does not have jurisdiction to hear Porta Stor's appeal from the denial of the motion to dissolve the preliminary injunction. To be sure, a party may not make repeated motions to dissolve an injunction and appeal from the denial of each such motion when the motions to dissolve are in substance merely repetitive requests to reconsider the initial injunction providing no new grounds for dissolving the injunction. However, Porta Stor's motion to dissolve presented new grounds for dissolving the injunction (albeit grounds that the magistrate judge ruled should have been presented at the time of the preliminary injunction hearing). Moreover, Porta Stor did not make redundant motions to dissolve the injunction, but merely reasserted, after the arbitration proceeding had ended, the request it had previously made to dissolve the injunction (a request that the district court had dismissed without prejudice pending the arbitration proceeding). Accordingly, we do not construe the motion to dissolve the preliminary injunction as an untimely request for reconsideration of the order issuing the injunction or as a duplicative request for relief from the injunction. We therefore have jurisdiction over the denial of the motion to dissolve the injunction under 28 U.S.C. §§ 1295(a)(1) and 1292(a)(1).

# United States Court of Appeals for the Federal Circuit

05-1471,-1529

PODS, INC.,

Plaintiff-Appellee,

v.

PORTA STOR, INC., and CHRISTOPHER E. NEUGUTH,

Defendants-Appellants.

## JUDGMENT

Appeal from the United States District Court for the Middle District of Florida in case no. 8:04-CV-2101, Magistrate Judge Mark A. Pizzo.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

AFFIRMED in Appeal No. 05-1471
DISMISSED in Appeal No. 05-1529

ENTERED BY ORDER OF THE COURT

DATED: APR - 6 2006

Jan Horbaly, Clerk

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: _____ Date: 4/27/06

**ISSUED AS A MANDATE:** APR 27 2006