UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS, INC., a Florida corporation,

    Plaintiff,

v.                                  CASE NO. 8:04-CV-2101-T-17MAP

PORTA STOR, INC., a Florida
corporation and CHRISTOPHER E.
NEUGUTH, individually,

    Defendants.
_____/

## PODS' MOTION TO TRY INFRINGEMENT BEFORE INVALIDTY

The Court has suggested that it might be appropriate for the parties to present evidence and arguments to the jury first on the issue of validity of PODS' United States Patent No. 6,071,062 ("the '062 patent"), followed if necessary by evidence and arguments concerning whether defendants' accused device infringes the '062 patent. Such a reversal of presentation is inappropriate because (1) regardless of the jury's determination of validity, the issue of infringement must still be presented and decided, and (2) invalidity is a defense, not a part of PODS' affirmative case. The jury should first hear PODS' infringement case and then consider the validity of the '062 patent.

### I.     Infringement And Validity Must Both Be Presented And Decided

Infringement and validity, though related, are separate and distinct legal issues. *Pandrol USA, LP v. Airboss Railway Prods., Inc.*, 320 F.3d 1354, 1365 (Fed. Cir. 2003). Moreover, "[t]hough an invalid claim cannot give rise to liability for infringement, whether it is infringed is an entirely separate question capable of determination without regard to its validity." *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983); *see also Cardinal*

*Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993) (finding that the issue of validity is "independent of the patentee's charge of infringement").

In *Medtronic*, the district court concluded that the patents in suit were not infringed, not by analyzing the claims, but simply by virtue of the fact that the patents were found invalid. The Federal Circuit rejected the court's approach, finding

> Where, as here, the invalidity holdings are upheld, failure to resolve the infringement issue at trial is of limited effect. Had the invalidity determinations been reversed in relation to one or more of the three patents in suit, however, remand for further proceedings would have been required, placing at risk the potential for additional delay and expense, the possibility of recalling witnesses, a second appeal, and a consequent inefficient use of judicial resources.

(721 F.2d at 1582); *see also Stratoflex v. Aeroquip Corp.*, 713 F.2d 1530, 1540 (Fed. Cir. 1983) (when issues of both patent validity and infringement are raised, both should be decided at trial); *cf. Carman Indus., Inc. v. Wahl*, 724 F.2d 932, 936 (Fed. Cir. 1983) ("The district court appears to have reassessed the validity of [the patent] in its analysis under the doctrine of equivalents. In doing so it combined the analysis of validity with that of infringement. Such an approach is potentially dangerous as it may lead to an erroneous determination of invalidity in circumstances where a conclusion of non-infringement is appropriate.").

In light of the foregoing, determination of the issue of infringement does not flow from determination of the issue of validity. Each issue must be determined independently. In this case, where the losing party will likely appeal, it is necessary that all issues be presented and decided at trial.

## II. A Validity Challenge Is A Defense That Should Be Presented In Context

By statute, the '062 patent is presumed valid. *See* 35 U.S.C. § 282. Invalidity is a <u>defense</u> to patent infringement for which defendants bear the burden; PODS is under no obligation in its affirmative infringement case to prove the validity of the '062 patent. *See Medtronic*, 721 F.2d at 1567 ("a court need not declare a patent valid, but need only in a proper case declare that the party challenging validity has not carried that burden"). For that reason, a plaintiff's infringement case is typically presented and decided first, followed by the defendant's defenses. *See, e.g.,* ABA Federal Circuit Model Jury Instructions, attached hereto as Exhibit 1 (wherein issues of infringement are determined before reaching validity issues).

As a practical matter, presentation of validity evidence after PODS' affirmative infringement case will also enable a more informed determination of validity. If the trial leads off with evidence on the validity issue, the jury will start cold with technical testimony from the parties' respective experts. They will be presented with scores of prior art with no context in which to evaluate it. By contrast, if the jury has already heard the evidence on the infringement issue, they will have a working knowledge of the industry and the role of lifts in the industry, as well the particular operation of the lifts at issue and how they are integrated into the companies' respective businesses. That information will give the jury a context in which to consider validity questions, such as whether the invention in the '062 patent is obvious, novel and the like. It will also give them a frame of reference for evaluating the prior art.

## III. Conclusion

There would be no time-saving advantage to putting on the defenses in this case first, because the Federal Circuit considers infringement and validity as separate and distinct issues, each of which must be decided at trial. Furthermore, the reverse presentation of a defense prior

to the evidence of infringement would unnecessarily complicate the issues for the jury. It could also potentially—and unfairly—create an undue inference that the validity of the '062 patent is suspect, when in fact it is entitled to a presumption of validity. PODS respectfully requests that the trial follow the standard protocol of presenting the infringement case, followed by the invalidity defense.

Respectfully submitted,

Dated: June 5, 2006

/s/ Richard H. An
Robert V. Williams (Bar # 144720)
Laurie L. Morris (Bar # 0684181)
WILLIAMS SCHIFINO
MANGIONE & STEADY, P.A.
201 N. Franklin St.
Tampa, FL 33602
(813) 221-2626

Joseph Diamante
Richard H. An
JENNER & BLOCK LLP
919 Third Avenue, 37th Floor
New York, N.Y. 10022
(212) 891-1657

Attorneys for Plaintiff, PODS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of June 2006, I electronically filed the foregoing **PODS' MOTION TO TRY INFRINGEMENT BEFORE INVALIDTY** with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

>Edward P. Dutkiewicz, Esq.
>Law Offices of Edward P. Dutkiewicz
>640 Douglas Avenue
>Dunedin, FL 34698
>**Attorneys for Defendants**

>/s/ Richard H. An
>Attorney