**Name of United States District Court for the
Middle District of Florida**

Case Number 8:04-cv-02101-MAP

PODS, Inc.,                    Plaintiff,

       v.            **NOTICE OF APPEAL**

Porta Stor, Inc. and
Christopher E. Neuguth,
      Defendants.
_____/

Notice is hereby given that Porta Stor, Inc. the Defendant in the above named case hereby appeals to the United States Court of Appeals for the Federal Circuit from the from the following orders issued by the District Court in this matter:

1. The order denying discovery, dated: 06/13/05 as Court doc. 70;

2. The order of the Court setting forth claims construction in this matter dated 06/05/06 as doc. 139;

3. The order of the Court dismissing the Defendants' Rule 50 motion to dismiss the infringement portion of the case regarding the absence of allegation and proof of enforceability of the

      patent in suit, and directing judgment against Defendants, 06/16/06;

4. The order of the Court dismissing the Defendants' Rule 50 motion to dismiss the copyright portion of the case, regarding the validity of the copyright and directing judgment against the Defendants, 06/16/06;

5. The order of the Court dismissing the Defendants' Rule 50 motion to dismiss Count 4, the false advertising portion of the case based on Florida Statute 817.41, regarding insufficient pleading and insufficient proof as to the requisite elements of fraud, 06/16/06;

6. The order of the Court dismissing the Defendants' Rule 50 motion to dismiss Count 5, the common law unfair competition portion of the case based on Florida case law, regarding insufficient pleading and insufficient proof as to the requisite elements of fraud. 06/16/06;

7. The order of the Court dismissing the Defendants' Rule 50 motion to dismiss Count 6, the Deceptive and Unfair Trade Practices portion of the case based upon Florida Statute 501.201, regarding

    insufficient pleading and absence of privity of contract, and absence of a consumer transaction;

8. The order of the Court dismissing the Defendants' Rule 50 motion to dismiss the unfair competition portion of the case based on Florida Statute 512.241, regarding insufficient pleading and insufficient proof as to the requisite elements of fraud;

9. The order of the Court precluding the admission of Defendants' expert testimony as a response to a motion in Limine;

10. The overruling of the Defendants' objection to the Plaintiff's expert opining of the equivalence of a gasoline and diesel motor, and the statement to the judge in the presence of the jury opining as to the public acceptance of such a notion;

11. Directing a verdict on the issue of infringement when such a verdict would assume infringement under the doctrine of equivalents for each of the claims, and such a question is a question for the jury. Also, appealed is the Court's order directing verdict for the Plaintiff with insufficient evidence to support such a directed verdict. The Defendant will appeal the Court's

ruling in failing to dismiss the patent infringement portion of the case as the Plaintiff did not plead or offer proof of enforceability of the patent in suit and the patent portion should be dismissed because the expert did not provide a report that opined on infringement of any claim, except claim 1, under the doctrine of equivalents. Testimony by Dr. Swanger demonstrated that he was unsure if the Defendants' device was gasoline or diesel powered. In doing so, Dr. Swanger would not be able to form an opinion if the device infringed under the doctrine of equivalents or directly. Dr. Swanger has never offered an opinion in any of his reports that the claims other than Claim 1 were infringed under the doctrine of equivalents. In a later report Dr. Swanger opined that Claim 1 was directly infringed. He was silent as to whether he maintained the opinion that Claim 1 was infringed under the doctrine of equivalents. other than the first report. In any case, the matter of infringement was one that should have not been decided by the court. Dr. Swanger testified that he did not recall whether the

device in question was gasoline or diesel powered. That uncertainty means that no one could decide whether the claims, if infringed, were infringed directly or under the doctrine of equivalents. Dr. Swanger's admission that he did not know the fuel used means that he could not say how, if at all, the claims were infringed. For this reason alone, the Plaintiff's motion for judgment should have been denied. Dr. Swanger's expert report lacks any opinion, or any basis for an opinion, as to infringement under the doctrine of equivalents of any claims, except for Claim 1. Moreover, Dr. Swanger was not qualified to offer an opinion as to the equivalents of the fuel used, and the Court erred when it stated, in response to the Defendants' objection, in the presence of the jury, that everyone knew the fuels were equivalents. The record shows that the expert testimony of Dr. Stern indicated that he was of the opinion that Claim 1 was not infringed under the doctrine of equivalents. The issue of whether Claim 1 was infringed was a question for the jury. The Court erred in

directing the verdict for the Plaintiff as to any claim; and,

12. Notice is also given that the Defendant will appeal the jury verdict of a violation of 15 U.S.C 1125 based upon insufficient evidence to support that finding.

_____
(Appellant's Attorney
Edward P. Dutkiewicz, P.A.
640 Douglas Avenue
Dunedin, Florida  34698
Phone:   (727) 734-2855
Fax:     (727) 734-2750

CERTIFICATION

I hereby certify on July 3rd, 2006, I electronically filed the foregoing Defendant's Notice of Appeal with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

   Council for the Plaintiff
   Joseph Diamante and Richard H. An
   Law Office of JENNER BLOCK
   919 Third Avenue

```
37th Floor
New York, New York, 10022

and

Robert V. Williams
Williams, Schifino, Mangione & Steady P.A.
P.O. Box 380
Tampa, FL  33601
```

on this the 3rd day of July, 2006.

By: _____
Edward P. Dutkiewicz
Trial Counsel
Fla. Juris #:  0883387
640 Douglas Avenue
Dunedin, Florida  34698
Ph:       (727) 734 – 2855
Fax:      (727) 734 – 2750