UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS, INC., a Florida corporation

        Plaintiff,

vs.                                            Case No. 8:04-cv-2101-T-MAP

PORTA STOR, INC., a Florida
corporation and CHRISTOPHER E.
NEUGUTH

        Defendant.
_____/

## ORDER

Following the return of the jury's verdict, this Court discussed with counsel PODS's anticipated motion for attorney's fees and the format this Court expected for the motion. Since that discussion, PODS's has filed its motion for attorneys' fees and expenses (doc. 179). Unfortunately, the motion does not comport with the Court's admonitions and, more specifically, those of the Eleventh Circuit for processing fee petitions. Accordingly, PODS is to file a revised fee application that includes the following:

    *1. Work or Task Summaries*

The fee petition fails to summarize in a meaningful way the hours expended by the nature of the activity or stage of the case and the amount of time each attorney spent during that particular stage. *See American Civil Liberties Union of Georgia,* 168 F.3d 423, 427 (11th Cir. 1999); *Norman v. The Housing Authority of the City of Montgomery,* 836 F.3d 1292, 1303 (11th Cir. 1988).[1] Where

---

[1] Such categories may include: initial matters and drafting complaint, case management stage, discovery, motions, summary judgment phase, final pretrial

multiple attorneys worked on the same task, PODS's should demonstrate by affidavit supported by appropriate documentation (if necessary) why such hours were reasonable and necessary and not excessive and redundant. *See ACLU of Georgia,* 168 F.3d at 428 (fee applicants must exercise "billing judgment") quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983).[2] Furthermore, given the nature of PODS's non-patent claims and the jury's assessment of those claims, PODS should define and separate to the extent possible within these task groupings those hours expended on the non-patent claims. In other words, PODS should not lump its hours irrespective of the particular cause of action.

*2. Hourly Rates*

PODS's also seeks New York billing rates for ten of its lawyers, a paralegal, and a librarian (such a number begs the question why so many were necessary). The general rule in this circuit is that the "relevant market" for purposes of determining the reasonable hourly rate for an attorney is the place where the case is filed. *ACLU of Georgia,* 168 F.3d 437. To recover non-local rates, the fee applicant must show a lack of attorneys in the area willing and able to handle the case. *Id.* Nor has PODS's met its burden for satisfactorily proving that any of its requested rates are in line with prevailing market rates. *Norman,* 836 F.2d 1299 ("satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work").

For the above reasons, it is

---

conference stage, trial preparation, etc. Any summary should total the time spent on that particular phase and include summaries of the hours expended by each lawyer or paralegal referencing the general tasks performed by each participant during this period of activity. As the Eleventh Circuit emphasizes: the "fee applicant bears the burden of establishing entitlement and documenting the hours and hourly rate." *ACLU of Georgia,* 168 F.3d 427 quoting *Norman,* 836 F.3d at 1303.

[2] Generalized statements that the time spent was reasonable are "not particularly helpful and are not entitled to much weight. *Norman,* 836 F.2d at 1301.

ORDERED:

1. PODS's motion for attorney's fees and expenses (doc. 179) is denied without prejudice.

2. PODS is to file a revised fee application as described above by July 21, 2006.

3. The Defendants should file any response to the amended fee application by August 18, 2006. However, prior to filing any response, counsel for the parties should confer in an effort to narrow the issues. The Defendants' objections in their response to the amended fee application should be reasonably precise. *See Norman,* 836 F.2d 1301 (because a district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should the objections and proof from fee opponents).

4. This Court will convene a hearing on attorney's fees on August 25, 2006, at 9:30 a.m. in Courtroom 11B, Sam M. Gibbons United States Courthouse, Tampa, Florida 33602.

DONE AND ORDERED in chambers at Tampa, Florida, on July 7, 2006.

cc: Counsel of Record

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE