UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PODS, INC.,

      Plaintiff,

      v.                                  CASE NO. 8:04-CV-2101-MAP

PORTA STOR INC., and
CHRISTOPHER E. NEUGUTH,
individually

      Defendants.
_____/

## **ORDER**

      This cause is before the Court on PODS's Motion for Increased Damages Pursuant to 35 U.S.C. § 284 (doc. 174).  PODS asks this Court to treble the jury award of $1,500.00 for Count I, patent infringement.  Porta objects to this motion on numerous grounds (doc. 176).  For the reasons stated, I find it appropriate to double the jury's patent infringement award.

      In determining whether treble damages should be awarded, a court looks first to the factors set out by the Federal Circuit in *Read Corp. v. Portec, Inc.*, 970 F.2d 816 (Fed. Cir. 1992).  In *Read*, the court acknowledged that § 284 allows the court to enhance the compensatory damage award up to three times and noted that the Federal Circuit "has approved such awards where the infringer acted in wanton disregard of the patentee's patent rights, that is, where the infringement is willful." *Id*. at 826.  Hence, the question here is whether Porta's conduct was so egregious, considering at all facts and circumstances, as to warrant a trebling of damages.  Answering this question requires not only examining the factors which render Porta culpable, but also taking into account any mitigating factors.

      The *Read* factors for determining whether to award treble damages, although not all

inclusive, are: 1) whether the infringer deliberately copied the ideas or design of another; 2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; and 3) the infringer's behavior as a party to the litigation. *Id*. at 827, *See also Bott v. Four Star Corp.*, 807 F.2d 1567, 1572 (Fed.Cir. 1986).  A fourth factor that many courts consider, which is applicable to this matter, is a Defendant's size and financial condition. *See St. Regis Paper Corp. v. Winchester Carton Corp.*, 410 F.Supp. 1304, 1309 (D.Mass. 1976) (court doubled damages award but noted that if Defendant were giant corporation and Plaintiff small independent corporation, treble damages would have been appropriate).  In any event, Federal Circuit precedent makes clear that a finding of willfulness only authorizes an award of increased damages but does not mandate an award.  *See. Modine Manufacturing Co. v. The Allen Group, Inc.*, 917 F.2d 538, 544 (Fed.Cir. 1990).

The first two *Read* factors favor PODS.  The third, however, does not, and the last one clearly favors Porta.  Moreover, the amount of damages the jury awarded reflects its assessment of the minimal damages PODS suffered.  Nonetheless, given the jury's finding of willfulness, I find it appropriate to double the damages.  Such an approach reflects the policy considerations for increasing damages for the "wanton" disregard of the patentee's rights.  For these reasons, it is

ORDERED:

1. PODS' Motion for Increased Damages Pursuant to 35 U.S.C. § 284 (doc. 174) is GRANTED to the extent that PODS' damages are increased from $1,500 to $3,000, which equals a doubling of the jury award.

    2. In all other respects the motion is denied.

    DONE AND ORDERED at Tampa, Florida this 25th day of August, 2006.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record